COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Lemons[*]
Argued at Chesapeake, Virginia


MARIO BALLARD, S/K/A
 MARIO MAURICE BALLARD

                                    MEMORANDUM OPINION[**] BY
v.    Record No. 0075-99-1          JUDGE DONALD W. LEMONS
                                          MARCH 21, 2000
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                        Robert P. Frank, Judge

             (David B. Olson; Cope, Olson & Yoffy, P.L.C.,
             on brief), for appellant.  Appellant
             submitting on brief.

             Michael T. Judge, Assistant Attorney General
             (Mark L. Earley, Attorney General, on brief),
             for appellee.


     On June 3, 1997, petitions were issued by the Juvenile and

Domestic Relations District Court of the City of Newport News

charging appellant with four felonies:  two counts of robbery

and two counts of use of a firearm in the commission of a

robbery.  The felonies were alleged to have occurred on May 3,

1997.  The Commonwealth filed a notice of intent to certify the

_____

     [*] Justice Lemons prepared and the Court adopted the opinion
in this case prior to his investiture as a Justice of the
Supreme Court of Virginia.

     [**] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

robbery charges and the ancillary firearm charges pursuant to Code § 16.1-269.1(C).

On September 24, 1997, the juvenile court, pursuant to Code § 16.1-263(E)(2), certified that the location or mailing address of Ballard's father was not reasonably ascertainable. The matter was continued and on October 17, 1997, after posted service on Ballard's mother, who failed to appear, the juvenile court found probable cause that Ballard committed the offenses, that he was 14 years of age or older at the time of the alleged offenses, that proper notice had been given, and certified the charges to the grand jury. Ballard's legal guardian, his aunt Sarah Aytch, was notified and present during the proceedings.

On June 3, 1998, the defendant was arraigned, waived his right to trial by jury and was convicted in the Circuit Court of the City of Newport New of all four offenses. Ballard maintains on appeal that because his father was not served with process in the juvenile court proceeding, the circuit court lacked jurisdiction to hear the matter upon transfer from the juvenile court.

The Supreme Court of Virginia recently decided the case of Moore v. Commonwealth, 259 Va. ___, ___ S.E.2d ___ (2000) (No. 990776) and noted,

> [s]ince the defendant committed the
> . . . offenses after July 1, 1996, the
> provisions of Code § 16.1-269.1(E) are
> applicable to the resolution of his case
> . . . . [T]hat section provides in relevant

-

part:  "An indictment in the circuit court cures any error or defect in any proceeding held in the juvenile court except with respect to the juvenile's age."  Under the plain language of this statute, an indictment by a grand jury cures <u>any</u> defect or error, except one regarding a juvenile's age, which has occurred in <u>any</u> juvenile court proceeding.

<u>Id.</u> at ___, ___ S.E.2d at ___.

Consequently, any defect that may have occurred in Ballard's transfer proceedings in the juvenile and domestic relations district court was cured by his indictment in the circuit court.

Finding no error, the convictions are affirmed.

<u>Affirmed</u>.